1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   USA,                                    CASE NO. CR15-211-MJP

11              Plaintiff,                   ORDER GRANTING DEFENDANT
                                             BROWN'S MOTION FOR
12        v.                                 ACQUITTAL AS TO COUNT 3 OF
                                             THE INDICTMENT
13   JOHN EMMETT BROWN JR,

14              Defendant.

15

16        THIS MATTER comes before the Court on Defendant John Emmett Brown's Motion and

17   Memorandum for Judgment of Acquittal as to Count 3 of the Indictment.  (Dkt. No. 203.)

18   Having considered the Parties' briefing and all related papers, the Court GRANTS the Motion.

19                                  **Background**

20        Defendant John Brown and Defendant Derrick Carter were tried by jury on one count of

21   conspiracy to distribute cocaine, one count of possession of cocaine with intent to distribute, and

22   one count of possession of a firearm in furtherance of a drug trafficking crime.

23        Trial commenced on June 27, 2016.  On July 25, 2016, after about a day and a half of

24   deliberations, the jury returned guilty verdicts as to both Defendants on counts one and two.  The

1  jury failed to reach a verdict as to count three for either Defendant, declaring itself deadlocked.

2  The Court then declared a mistrial as to count three and discharged the jury.

3  **Discussion**

4  I.  Legal Standard

5  To evaluate a motion for judgment of acquittal pursuant to Federal Rule of Criminal

6  Procedure 29, the Court must determine whether, viewing the evidence in the light most

7  favorable to the prosecution, any rational trier of fact could have found the essential elements of

8  the crime beyond a reasonable doubt.  United States v. Nevils, 598 F.3d 1158, 1163-64 (9th Cir.

9  2010).  This is a two-step inquiry.  First, a reviewing court must consider the evidence presented

10  at trial in the light most favorable to the prosecution.  Id.  In so doing, the court "may not usurp

11  the role of the finder of fact by considering how it would have resolved the conflicts, made the

12  inferences, or considered the evidence at trial."  Id.  Second, after viewing the evidence in the

13  light most favorable to the prosecution, the reviewing court must determine whether this

14  evidence, so viewed, is adequate to allow "any rational trier of fact [to find] the essential

15  elements of the crime beyond a reasonable doubt."  Id. (quoting Jackson v. Virginia, 443 U.S.

16  307, 319 (1979)).  At the second step, a court must not ask itself whether it believes that the

17  evidence at the trial established guilt beyond a reasonable doubt, but only whether "any" rational

18  trier of fact could have made that finding.  Id.  Accordingly, the Court must only grant Mr.

19  Brown's motion "if the evidence of innocence, or lack of evidence of guilt, is such that all

20  rational fact finders would have to conclude that the evidence of guilt fails to establish every

21  element of the crime beyond a reasonable doubt."  Id.

22

23

24

II.      Defendant Brown's Motion

Defendant Brown was charged in count three with violation of 18 U.S.C. § 924(c).  The elements of the offense are that (1) the defendant committed a drug trafficking crime, (2) the defendant knowingly possessed a firearm, and (3) the defendant possessed that firearm in furtherance of the drug trafficking crime he committed.  See Ninth Circuit Model Jury Instruction 8.72.  The Court instructed the jury, at the government's request, that it could also convict Mr. Carter of count three under accomplice liability, see Rosemond v. United States, 134 S. Ct. 1240 (2014), and under co-conspirator liability, also known as Pinkerton v. United States, 328 U.S. 640 (1946), liability.   Under co-conspirator liability, where a conspiracy exists, the act of one co-conspirator is attributable to all co-conspirators if that act was in furtherance of the conspiracy, fell within the scope of the conspiracy, and "could reasonably have been foreseen to be a necessary or natural consequence" of the conspiracy, even if the co-conspirators are in fact unaware of the act.  United States v. Bingham, 653 F.3d 983, 997 (9th Cir. 2011).

Defendant Brown argues the government has failed to put forward sufficient evidence that the Maadi Cadet 1 firearm charged in the indictment was possessed by any one of the co-conspirators in furtherance of the drug smuggle.  (Dkt. No. 203.)  The government argues that a rational trier of fact could have found that the Maadi was the firearm involved in the crime, and that it was possessed in furtherance of a drug trafficking offense.  (Dkt. No. 205.)

Viewing the evidence in the light most favorable to the prosecution, the Court finds that no rational trier of fact could conclude that the elements of possession of a firearm in furtherance of a drug trafficking crime are met beyond a reasonable doubt because no rational trier of fact could conclude beyond a reasonable doubt that a member of the conspiracy possessed the Maadi Cadet 1 charged in the indictment, specifically.  The Maadi was found in the woods in Canada

1  under light leaf cover fourteen hours after co-conspirators Peal and Provo were arrested, and did

2  not have any fingerprints or DNA on it.  Although the gun was found in the vicinity of a cell

3  phone belonging to co-conspirator Peale and the backpacks containing cocaine, the area is

4  known to be replete with smuggling routes used to illegally cross the United States-Canada

5  border.  The gun appeared rusted as a result of either long exposure to the elements or lack of

6  proper upkeep.  No witness's testimony links Brown, Carter, Provo, or Peal to the Maadi,

7  specifically.  No witness reported seeing any of the conspirators in possession of the Maadi.  No

8  witness reported that any member of the conspiracy ever spoke about the Maadi, or was present

9  when the Maadi was discussed.  Mr. Brown testified that he was aware of a different firearm, and

10  the testimony of other witnesses also referenced a different firearm.  At least one other firearm

11  was found in the same wooded area.

12        The government argues the location in the woods near the cocaine, cell phone, and other

13  items discarded by the smugglers, when combined with the fact that the gun and the cell phone

14  were covered with a similar amount of leaf cover, is sufficient.  (Dkt. No. 205.)  The Court

15  disagrees.  This evidence, taken as a whole and drawing all inferences in favor of the

16  government, is insufficient for a rational fact finder to conclude beyond a reasonable doubt that

17  the Maadi, specifically, was constructively possessed by Brown or anyone else involved in the

18  conspiracy.  And, without sufficient evidence that anyone in the conspiracy possessed the Maadi

19  charged in the indictment, Mr. Brown cannot be guilty of possessing the firearm as an

20  accomplice or as a co-conspirator.  Accordingly, the Court GRANTS Mr. Brown's Motion for

21  Judgment of Acquittal as to count three of the indictment.

22

23

24

1

**Conclusion**

2       The Court GRANTS Defendant Brown's Motion for Judgment of Acquittal and

3   DISMISSES count three of the indictment as to Mr. Brown with prejudice.

4

5       The clerk is ordered to provide copies of this order to all counsel.

6

7       Dated this 29th day of August, 2016.

8

9

10

Marsha J. Pechman
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT BROWN'S
MOTION FOR ACQUITTAL AS TO COUNT 3 OF
THE INDICTMENT- 5